UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK MUMFREY                                                              CIVIL ACTION

VERSUS                                                                          NO. 11-711

ANCO INSULATIONS, INC., ET AL.                                  SECTION "K"(5)

## ORDER AND REASONS

Before the Court is a Motion to Remand (Doc. 8) filed by plaintiff, Frank Mumfrey. This case was set for trial in the Civil District Court for the Parish of Orleans, State of Louisiana, on September 12, 2011. Plaintiff moved for an expedited hearing on the remand motion, because he is dying from malignant mesothelioma and wishes to preserve that trial setting. As such, the Court granted an expedited hearing on the papers. Having now reviewed the pleadings, documents, memoranda and the relevant law, the Court is prepared to rule.

The instant petition was filed on or about December 2, 2010, alleging claims for negligence and product liability against the manufacturers, suppliers, and installers of the asbestos products to which plaintiff contends that he was exposed. Twenty defendants were originally named, with three being Louisiana defendants. Those three are Anco Insulations, Inc. ("Anco"), Carruth Brothers Lumber Company, Inc. ("Carruth") and Taylor Seidenbach, Inc. ("Taylor"); the rest are diverse from this Louisiana plaintiff.

On March 2, 2011, plaintiff's deposition was taken at which time counsel for diverse defendant Sherwin-Williams Company ("Sherwin-Williams") contends that he determined that the three original Louisiana defendants were improperly joined because there is no possibility of recovery by plaintiff against these defendants based on plaintiffs' deposition testimony. Another Louisiana defendant was added two days after the deposition by a First Supplemental and

Amending Petition in which retailer Reilly-Benton Company, Inc. ("Reilly"), a Louisiana Corporation, was named as an additional defendant. Likewise, Sherwin-Williams contends no cause of action exists against that defendant as well and should be disregarded for purposes of diversity jurisdiction.

On April 1, 2011, the thirtieth day after the deposition, a Notice of Removal was filed by Sherwin-Williams. The Notice was filed solely by Sherwin-Williams with the assertion:

> All served defendants consent to the removal of this action (except that Schlumberger has settled and UGL has filed for bankruptcy protection and therefore the suit may not proceed against it). Copies of the documents indicating the consents, settlement and bankruptcy are attached in globo as Exhibit 4. Carruth has never been served with the Petition and service of process. Thus Carruth, as an unserved defendant is not required to join in this Notice of Removal. See, e.g., *Getty Oil Corp. v. Insurance Co. of North America,* 841 F. 2d 1254, 1262 n. 9 (5th Cir. 1988).

Notice of Removal, Doc. 1, ¶ 17.

A review of Exhibit 4 is a hodge-podge of email correspondence between counsel for Sherwin-Williams and counsel for the other diverse plaintiffs. Certainly, an email is not a self proving document under the Federal Rules of Evidence. In addition, there is no affidavit from any of the persons involved therein attesting that these communications are indeed from them. There is no signature by any of the attorneys involved except for one. The only response in the proper form that has all of the information that is generally required for consent is that of by Charles S. McCowan, Jr. for Metropolitan Life Insurance Company. (Doc. 1-6, Exh. 4, p 6 of 15).

The rest of Exhibit 4 is a compilation of emails in response to counsel for Sherwin-Williams' email of March 24, 2011 at 11:14 a.m. which states:

> Guys, I am contemplating removing this case because I do not believe that Mr. Mumfrey has a valid claim against any of the Louisiana defendants that have been sued in this case. Please let me know by the close of business Friday 3-25-11 whether your client will consent to removal.

There are emails from various unidentified persons sent purportedly indicating "consent" from a corporation without an indication in the email that that person is local counsel enrolled for purposes of this particular litigation. Furthermore, there is no indication in the emails themselves that the email exchange concerns this particular suit and this particular plaintiff. The sole identification of the topic of the email is in the "re" section and states, "Mumfrey."Many also make reference to the need for completion of more proper form.

In addition, some of these "responses" which are filed to prove consent on the part of these defendants for removal are themselves are insufficient to even indicate consent by the corporation itself. Kathleen Drew who apparently represents Chevron Phillips Chemical Company, LP states only " I am definitely on board with removal." This statement standing alone does not indicate that the corporation has been contacted and that it approves the removal. It is only her personal, unsigned, unauthenticated email sent from her Ipad. For all the Court knows, anyone could have sent this response. (Doc. 1-6, Exh. 4, p. 1)  Likewise, Sheri Sport Faust's response, apparently on behalf of RT Vanderbilt, Co., again, only speaks in terms of not having any "objection," but does not ever say that Vanderbilt actually joins in the removal of the case. (Doc. 1-6, Exh. 4, p. 1).

In addition, Sherwin-Williams opines that the United Gilsonite Laboratories ("UGL") has filed for bankruptcy and as such is a nominal defendant. This is based on the following response to the same email sent on March 24, 2011 by Ken Royer, who is apparently counsel for UGL,

"My client filed for bankruptcy last night.  A suggestion of bankruptcy will be filed in the near future once I receive more information from national counsel.  At this time I am unable to take any action on behalf of UGC." (Doc. 1-6, Exh. 4, p. 14 of 15).  No such suggestion or statement to the Court concerning the bankruptcy has been filed into the record by UGC.

Likewise, Sherwin-Williams contends that because Schlumberger Ltd. "has reached a binding settlement agreement" it too is a "nominal party."  The proof adduced for this statement is the following unsigned, unauthenticated response from Charles B. Wilmore to Sherwin-Williams email:

> Schlumberger has settled with the plaintiff.  The funds have not been exchanged yet, so the motion to dismiss has not been filed. However the settlement has been bound, and you may represent that in your removal pleadings as needed.  Because we have settled, we do not feel that we are in a position to consent or otherwise take a position on your proposed removal.

(Doc. 1-6, Exh. 4, p.  11-15). Exactly what constitutes "bound" in Mr. Wilmore's contemplation is not set forth and no copy of the signed settlement documents have been presented to the Court.

**Analysis**

Section 1446(b) of the Federal Rules of Civil Procedure which provides the procedure for removal states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If  the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

>paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2011). In suits where there are multiple defendants, the Fifth Circuit has interpreted this statute as requiring that all served and properly joined defendants consent to removal. *Morales v. Shaffer*, 2007 WL 3237457 (E.D. La. Oct. 31, 2007) (Vance, J.) citing *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 (5th Cir. 1988). A failure to do so renders the removal defective.

Under this "rule of unanimity," it is not necessary that each defendant sign the original petition for removal,

>but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant....

*Getty*, 841 F.2d. at 1262 n. 11; Additionally, the thirty-day period begins to run as soon as the first defendant is served, so long as the case is then removable. Id. at 1263. Since all of the defendants who have been served must join in the petition, and since the petition must be filed within thirty days of service upon the first defendant, the Fifth Circuit has concluded that all served defendants must join in the petition "no later than thirty days from the day on which the first defendant was served." [1] *Id.*; *Johnston v. Health Bilal*, 2009 WL 981696, p.*2 (E.D.La.

---

[1] IAs explained by Judge Vance:
In Getty Oil, the removing defendant failed to provide written consent to removal of a co-defendant who had been served just two days before removal. That defendant later joined in the removal within 30 days of being served but 51 days after the initial defendant was served. The removing party represented in its removal petition that this co-defendant "do[es] not oppose and consent[s] to this Petition for Removal." Id. at 1262 n. 11. The Fifth Circuit ruled that this representation was insufficient, for the removing party did not indicate that it had formal authority to represent to the court that the co-defendant consented to removal. Id. (explaining that such a

April 13, 2009); *Morales v. Shaffer,* 2007 WL 3237457, *2 (E.D.La.) (E.D.La.,2007); *Jones v. Scogin*, 929 F. Supp. 987,988 (W.D. La. 1996).

    Furthermore, as noted by Judge Africk in *Johnston*:

"[t]he removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility. . .* 1995 WL 479719 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D.La. 1989) (Feldman, J.)). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manfunco v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) citation omitted.

*Johnston*, at *2.    Finally, as to "nominal parties" as Judge Africk stated:

    An exception to the general rule requiring all defendants to join a removal petition is the nominal party exception. *See Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1123 (5th Cir.1987). "To establish that non-removing parties are nominal parties, 'the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 871 (5th Cir.1991) *quoting B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549-50 (5th Cir. Unit A Dec.1981). "The question for the district court is whether it would be fair to the plaintiff to enter a judgment in the absence of the non-removing parties." *Farias* 925 F.2d at 871. Federal courts must look to state law to determine whether removal is proper on the ground that a defendant is no longer effectively a party to the case. *See Estate of Martineau v. ARCO Chemical Co.,* 203 F.3d 904, 910 (5th Cir.2000).
    Defendants who have settled are nominal parties who are "no longer effectively a party to the case." *Id.* Under Louisiana law, a settlement agreement is enforceable if it is in writing and signed by the parties or their agents or recited in open court and capable of being transcribed from the record of the proceeding. *City of Baton Rouge v. Douglas,* 984 So.2d 746, 749 (La.App. 1 Cir.2008).[T]he party seeking removal [ ] bears the burden of proving the existence of an enforceable settlement agreement. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir.1996).

---

statement does not constitute an "adequate allegation or showing of [the co-defendant's] actual joinder in or consent to the original removal petition").

*Id.* at 2.

6

*Taco Tico of New Orleans, Inc. v. Argonaut Great Central Ins. Co.,* 2009 WL 2160436, 2 (E.D.La. July 16, 2009).

Emails as proof of consent have not been accepted in other cases as sufficient notice. *Taco Tico of New Orleans, Inc.,* 2009 WL 216046, *2; *Johnston*, 2009 WL 981696 at *2; *Marshall v. Air Liquide–Big Three, Inc.*, 2006 WL 286011 (E.D.La. Feb. 7, 2006). Sherwin-Williams opines that in these cases the emails were not attached to the Notice of Removal and are thus inapposite. The Court will not make this distinction particularly in light of the deficiencies noted in the "consent" of Chevron Phillips Chemical Company, LP and RT Vanderbilt Company, Inc. "I am definitely on board with removal" sent from an Ipad and "no objection" simply is not enough to comport with the dictates of *Getty*. These inadequacies result in the removal being deficient and require remand.

In addition, the "proof" with respect to the "nominal" defendants is likewise insufficient. There is no indication of what constitutes "bound" in the eyes of Schlumberger and there has been no filing in Court of the bankruptcy of UGL. In addition, these emails are not self-proving and the Court will not go so far with as dispense with the minimum constraints of the Rules of Evidence. Sherwin-Williams' argument that the Court should make some kind of equitable finding that its Notice is sufficient because the intake clerk told him that there was "no form requirement to the consents on (sic) than they be in writing" and that there were so many people involved making it too cumbersome to do more, verges on the ludicrous. *See Morales*, 2007 WL 3237457 at 3 (discussing *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002)). Particularly in the time of electronic filing, there was certainly enough time to confect a document that clearly set forth the name of the case, the name of the parties and the lawyers, and some kind of attestation

that the client concurred in the removal of the instant properly identified case.   Accordingly, pursuant to 28 U.S.C. 1447(c),

**IT IS ORDERED** that the Motion to Remand (Doc. 8) is **GRANTED** and this case is **REMANDED** to the  Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 20th day of April, 2011.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**